Labátjve, J.
This case involves but one question purely of law ; it is this :
Can the general mortgage, in favor of minors against their tutors, be caneéled and erased, without being replaced by a special one, as prescribed by act of 11th March, 1830, re-enacted in 1855 ?
After the death of his wife, who loft five minor children, issue of their marriage, Chas. Bordis caused a portion of the community property to be adjudicated to him, at the price of estimation, as provided by Art. 338 of the C. C.; among that property was the undivided half of a certain town lot and buildings, in the town of Thibodeaux, jointly owned by said community and Dr. Dominique Durac, which lot the said Bordis and Durac subsequently sold for $4,500, payable in five installments, to John H. Fleetwood, the said Charles Bordis binding himself, in the act of sale to have erased and canceled, within a reasonable delay, the tacit mortgage bearing on said property in favor of his minor children.
Pursuant to this agreement, he applied to the District Court of the parish of Assumption, by a petition, in which he alleged the said sale, that he had bound himself to procure the erasure of the tacit mortgage bearing on the undivided half of said lot, in favor of his minor children; that by reason of the losses sustained by him during the late war, in slaves and certain debts, he is not able to procure to his children a good education, without the sum due him by said Fleetwood ; that his only son (Gaston) is now nineteen years old, and petitioner desires to afford him the benefit of a liberal education, so as to enable Mm to become the supporter of his younger sisters ; that he desires, likewise, his daughters to receive a liberal education ; that there is, belonging to the succession, a lot of ground situated in Thibodeaux, valued in the inventory at $1,000; that the dwelling-house thereon was destroyed by soldiers and contra-bands, and that said property is now unproductive ; that petitioner, if permitted to recover the amount due by Fleetwood, would be able to put some buildings on said lot and make it produce revenue, and thereby also increase the security of the rights of the minors.
That petitioner would desire the calling of a family meeting of his children, for the purpose of deciding whether it would not be for the best interest of the minors, after due consideration of the facts above stated, that the sale from petitioner to Fleetwood be ratified, and that the tacit mortgage in favor of said minors, on the lot of ground sold, be raised.
*56 Wherefore, your petitioner prays that said family meeting be called, and that Ozimé Mélancon, the under-tutor, be notified to attend the same.”
This family meeting being duly ordered, ajopeared together with the under-tutor, before O. Carmanche, recorder, and, after mature deliberation, declared that they were unanimously of opinion that it was for the greatest interest of the minors that the sale mentioned above be ratified, and that the tacit mortgage in favor of the minors, bearing upon the lot of ground sold, be raised, giving many reasons in detail, including those alleged-in the petition.
Upon a petition being presented to the judge to that effect, he ordered the homologation of said deliberations ; that the said sale be ratified ; that the special mortgage which may have resulted from the adjudication of said lot to Charles Bordis, and the tacit mortgage bearing against him as tutor, in favor of his minor children, be annulled and raised. This judgment was rendered and signed on the 10th July, 1865.
John H. Fleetwood, the purchaser of said property, alleging his interest in this matter, took an appeal from said judgment, on the 9th June, 1866.
The history of this case shows that there existed on this property two mortgages—one special, resulting from the adjudication to the father, and a tacit one from the tutorship. Civil Code, Arts. 338 and 3282.
Charles Bordis, the natural tutor, never offered to give, nor did he give, a special mortgage, as prescribed by act of 11th March, 1830, and reenacted in 1855, p. áái, where it is provided that the surviving father or mother, becoming tutor or tutrix, may give a special mortgage for the security of the rights of their children, and for the' faithful discharge of their functions, provided a family meeting shall declare that the property offered to be specially mortgaged, is, in their opinion, of sufficient value to secure the rights of the minors, in capital and interest. % 1.
That, in case of adjudication made, under Art. 338 C. C., a special mortgage may be given on real property, not slaves, and shall have the effect of annulling the mortgage arising from such adjudication. § 8.
Notwithstanding the family meeting- may have found the property sufficient, it is made the duty of the judge to cause the property offered to be mortgaged to be appraised by experts ; and the judge shall in no case accept the mortgage, unless the value of the property exceed, of ail prior liens, the amount of the debts or rights of the minors, by at least twenty-five per cent, the amount due the minors, to be ascertained by a previous liquidation, to be made according to law, and including all interest which will probably accrue. § 13.
It is perceived that these formalities were not and could not be complied with in these proceedings, for the simple reason that no property was offered to be mortgaged specially. But Charles Bordis contends that the present case is governed by that of Fontenette v. Oezay, 1 An. 236. It appeared in that case, that the house in which the natural tutrix lived with her children, was rapidly falling into decay and ruin ; that it was in a condition which endangered the lives of herself and children, and that, unless it was soon repaired, she would be without shelter-for herself and family, and she owned no other dwelling, and was des *57 titute of pecuniary means with which to make the necessary repairs, and she prayed to be authorized to sell, free from the mortgage of the minors, a sufficient number of town lots to defray the required expenditure. A family meeting advised the sale of a specific quantity of land to meet the expenses of the masonry, another to cover those of the wood-work, etc*.
This Court, in that case, said :
“ The act of 1830 presents no obstacle to the release of the tacit mortgage in favor of minors, in cases like the present, nor has it reference to such cases. Among the duties which devolve upon tutors are those' of providing for the maintenance, health and personal safety of their wards, in the execution of which the property of the minor himself may be sold, and, if necessary, the capital may be used. In the present instance, property subject to the minors’ mortgage has been sold, for the purposes for which their own might have been validly alienated, and with the further view of promoting the security for their estates from being diminished, by selling a part, and reinvesting the price in valuable improvements upon the remainder. Here has been a mere mutation of the property, by which the rights of the plaintiffs were secured, and made with an apparent necessity for the change.”
We must confess that the case, although it is not parallel with the one at bar, is very strong; but it is the only one known in our jurisprudence, and must make an exception, whilst the case before us is one of ordinary occurrence-: where a natural tutor wants to sell, oi* has already sold, a property which is mortgaged to his children, and he needs his money, like everybody else ; all that he has to do, to evade the law, is to allege that he wants it to educate, maintain and support his children, and to make some improvements on other property; but the money is his property, and he may do what he pleases with it after it is received. This is the case before the Court. If we depart from the law quoted above, enacted to protect and secure the minors’ rights, there is no stopping place; the law would become a vain thing.
The law has created the tacit mortgage in favor of the minor, and its provisions, to cancel it by the substitution of a special one, must be strictly observed. Lesassier v. Dashvill, 17 L. 194. In the present case, there is a total absence of the formalities prescribed by law.
We are of opinion that the judgment appealed from is correct in the ratification of the adjudication of the lot to the father, at the price of estimation, but is illegal and unauthorized as to the annulling and erasing of the special and tacit mortgages in favor of the minor.
It -is therefore ordered and decreed, that the judgment rendered below be affirmed, so far as it ratifies the adjudication of the lot at its appraised value, and that it be annulled and avoided so far as it cancels and erases the special and tacit mortgages, and that the appellees pay costs in both Courts.